[No. 929.   August 28, 1902.]

# THE TERRITORY OF NEW MEXICO, Appellee, v. ALBERT SHERRON, Appellant.

## SYLLABUS.

It was error to deny a sole defendant in a criminal case the right to be heard before the jury by two counsel.

Appeal from the district court of Socorro county, before DANIEL H. MCMILLAN, Associate Justice.   Reversed.

H. M. DOUGHERTY for appellant.

It is error sufficient to reverse a judgment for the court to suffer counsel against objection to state facts pertinent to the issue and not in evidence; or to assume arguendo such facts to be in the case when they are not.

> 2 Ency. Pl. and Pr., pp. 727-730 and cases cited; see also cases cited in 14 American Digest, p. 2370, sec. 1669.

The prosecution may comment on defendant's failure to produce witnesses, and hence much more should the liberty be extended to the defendant.

> People v. Young (Cal.), 36 Pac. 770; Green

v. State (Ala.), 12 So. 416; United States v. Chandler, 65 Fed. 308; State v. Toombs (Iowa), 45 N. W. 300; State v. Yordi (Kan.), 2 Pac. 161; Com. v. Clark, 80 Mass. 367; Com. v. McCabe, 163 Mass. 98, 39 N. E. 77; State v. Mathews, 10 S. W. (Mo.) 144, 11 S. W. 1135; Blake v. People, 73 N. Y. 586; People v. Hovry, 29 N. Y. 554; State v. Kiger, 20 S. E. 456; Com. v. Webber, 31 Atl. 481; Mercer v. Slate, 17 Tex. App. 452; Crames v. State, 28 Tex. App. 316; Hall v. State, 22 S. W. (Tex.) 141; Mayes v. State, 24 S. W. (Tex.) 421; State v. Fitzgerald, 68 Vt. 125, 34 Atl. 429; Tipton v. State, 30 Tex. App. 530; State v. Weddington, 103 N. Car. 364; Gram v. State, 97 Ala. 57; Graves v. United States, 150 U. S. 118; 2 Am. and Eng. Enc. Pl. and Pr., p. 722, and cases cited; 11 Am. and Eng. Ency. of Law (W. Ed.), p. 504.

Refusal of court to permit defendant to be heard before the jury by two attorneys was reversible error. In New Mexico an express provision authorizes two counsel to be heard.

Compiled Laws of 1897, sec. 2899.

This law applies to criminal as well as civil procedure.

Territory v. Perea, 1 N. M. 629; Territory v. Revera, 1 N. M. 640; Territory v. Lopez and Casias, 3 N. M. 167; Territory v. Romine, 2 N. M. 114; Territory v. Anderson, 4 N. M. 213; Territory v. O'Donnel, 4 N. M. 196; Territory v. McKinny, 3 N. M. 657; Territory v. Nichols, 3 N. M. 103.

Concerning the recording of brands, see—

Pryor v. Portmouth Cattle Co., 27 Pac. (N. M.) 327.

EDWARD L. BARTLETT, Solicitor-General, for the Territory.

OPINION OF THE COURT.

PARKER, J.—Upon the trial of the defendant he was represented by two counsel, both of whom desired to address the jury, which the court refused. This was error in view of the positive provision of the statute granting this right. Compiled Laws, sec. 2899.

The action of the court deprived the defendant of a substantial right which was of great importance to him. Where two counsel appear it is quite usual to divide the work of addressing the jury, one counsel devoting himself to one part of the case and the other to the remainder. Doubtless this statute was not called to the attention of the trial court. We feel compelled, however, to hold that the action of the trial court was prejudicial to the rights of the defendant, and that this cause must be reversed for this reason, and it is so ordered.

Mills, C. J., McFie and Baker, JJ., concur.

McMillan, J., having tried this case below took no part in this decision.